# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**DANNY JOE BOYD,**
**Claimant Below, Petitioner**

**FILED**

May 16, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)   No. 11-1234** (BOR Appeal No. 2045590)
                    (Claim No. 2010112384)

**INTERSTATE BATTERY SYSTEMS,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Danny Joe Boyd, by John C. Blair, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Interstate Battery Systems, by Jeffrey B. Brannon, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated August 10, 2011, in which the Board affirmed a February 8, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's November 30, 2009, order. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

On October 23, 2009, Mr. Danny Joe Boyd was employed by Interstate Battery Systems when he allegedly sustained an injury to his right shoulder while making a delivery for his employers to Marathon Oil.  In support of his claim, Mr. Boyd submitted his own deposition testimony, a notarized statement from an employee at Marathon Oil, and his doctor's records and his doctor's testimony, all alleging that Mr. Boyd had sustained a new injury to his shoulder on October 23, 2009. Mr. Boyd admitted that he had had previous injuries to his right shoulder including surgery to repair his suprascapular nerve and to reattach his bicep in 2005 and injuries received in a motorcycle accident in 2007.

The Office of Judges found that no specialized or objective findings demonstrated that Mr. Boyd had sustained any injury at all other than by his history of prior injuries. The Office of Judges found that Mr. Boyd failed to prove that he had sustained an injury due to an isolated fortuitous event constituting an injury in the course of and resulting from his employment. The Board of Review reached the same reasoned conclusion and we agree that Mr. Boyd has not proven that he sustained a new isolated fortuitous event constituting a compensable injury in the course of and resulting from his employment.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  May 16, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING:**
Justice Menis E. Ketchum